**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TOMAS SILVAS,

    Petitioner,

vs.

DORA B. SCHRIRO, et al.,

    Respondents.

No. CIV 08-522-TUC-CKJ

**ORDER**

Pending before the Court is the Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Tomas Silvas ("Silvas"). Respondents have filed an Answer and Silvas has filed a Reply.

*Factual and Procedural Background*

The Court of Appeals of Arizona summarized the pre-appeal proceedings as follows:

> In 1990, while serving a sentence for a burglary conviction, Silvas kidnapped and assaulted a prison guard. Pursuant to a plea agreement, he pled guilty to kidnapping with intent to inflict serious physical injury, and he admitted his burglary conviction constituted a prior conviction for sentencing purposes. The plea agreement provided for an enhanced sentencing range of seven to twenty-one years. The trial court sentenced Silvas to the aggravated, twenty-one-year term.

Petition Exhibit, June 27, 2008, Court of Appeals Decision, p. 2. On appeal, Silvas argued that the trial court erred by imposing the aggravated sentence. The Court of Appeals affirmed Silvas' conviction and sentence:

> The sole arguable issue raised by counsel, and the sole issue raised by appellant in the supplemental brief, is that the trial court abused its discretion in imposing the sentence it did. The contention is totally without merit. The trial court clearly weighed all factors relevant to imposing sentence. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978). The court reviewed appellant's lengthy juvenile and adult criminal history,

> including juvenile convictions for forcible rape and assault with a deadly weapon, and adult convictions for armed rape, assault with injury and armed burglary. The court cited appellant's violent prior criminal record as justifying an aggravated prison term. The trial court found no mitigating factors and, indeed, was not required to simply because mitigation evidence was presented. *State v. Fatty*, 150 Ariz. 587, 724 P.2d 1256 (App. 1986).

Petition Exhibit, August 25, 1992, Court of Appeals Decision, pp. 2-3. Silvas disputes the Court of Appeals' summary by arguing that use of the other prior convictions to enhance his sentence was "despite the conditional plea agreement between Silvas and the State that only one prior conviction would be used for sentencing enhancing purposes." Petition, p. 6; *see* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Wainright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (state court's findings are entitled to a presumption of correctness). The Court finds, however, that resolution of this dispute is not needed to address the Petition.

On November 7, 2006, Silvas filed a Petition for Post-Conviction Relief.[1] During the post-conviction proceedings, Silvas argued that the terms of his plea agreement had been breached, prosecutorial misconduct, and this sentence had been improperly enhanced under *Blakely v. Washington*, 542 U.S. 296 (2004). The post-conviction court denied relief and, on June 27, 2008, the Court of Appeals granted review, but denied relief. The mandate was issued on August 15, 2008.

On or about September 25, 2008, Silvas filed the pending Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Silvas asserts that his sentence was improperly aggravated in violation of the Fourteenth Amendment of the United

---

[1] Respondents attach "Petitioner's Rule 32 filings" as Ex. A to their Answer. These documents do not include a Notice of Post-Conviction Relief. Silvas asserts that the Petition for Post-Conviction Relief was filed on November 3, 2006, but does not assert that a Notice of Post-Conviction Relief had been filed prior to the filing of the Petition for Post-Conviction Relief.

States Constitution and in violation of his plea agreement. Silvas also argues that several mitigating factors that were presented to the sentencing court were improperly not considered. Respondents have filed an Answer and Silvas has filed a Reply.[2]

*Statute of Limitations*

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

Silvas argues, however, that 28 U.S.C. § 2244 is unconstitutional on its face because it places a limitations period on the U.S. Constitution. Silvas asserts that the Constitution guarantees inalienable rights which are, by definition, incapable of being surrendered. Therefore, Silvas argues that the writ of habeas corpus has been unduly suspended. *Swain v. Pressey*, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). However, "[l]egislation violates the Suspension Clause if it renders the habeas corpus statute 'inadequate or ineffective' to test the legality of a [petitioner's] detention." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003), *quoting Swain*, 430 U.S. at 381. The Ninth Circuit has determined that 28 U.S.C. 2244(d)(1) is a limitation, not a suspension, of a

---

[2]Silvas' Reply was attached to a Request to Reply to Respondents' Answer to Writ of Habeas Corpus. The Court having directed, in its October 2, 2008, Order, that Petitioner may file a reply within 30 days from the date of service of the answer, the Court will grant Silvas' request and accept the reply.

1 petitioner's opportunity to seek federal relief and is not a per se violation of the Suspension
2 Clause. *Ferguson*, 321 F.3d at 823; *citing Green v. White*, 223 F.3d 1001, 1003 (9th Cir.
3 2000). The Court finds 28 U.S.C. § 2244(d)(1) is not unconstitutional and this Court must
4 review Silvas' claims consistent with its provisions.

5 Silvas asserts that his sentence was improperly aggravated in violation of the
6 Fourteenth Amendment of the United States Constitution and in violation of his plea
7 agreement. Silvas also argues that several mitigating factors that were presented to the
8 sentencing court were improperly not considered. To the extent that Silvas is arguing that
9 his sentence was improperly enhanced under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct.
10 2531, 159 L.Ed.2d 403 (2004), such that § 2244(d)(1)(C) specifies the triggering date for the
11 statute of limitations, two predicates must exist: (1) the right must be newly recognized by
12 the Supreme Court, and (2) the right has been made retroactively applicable to cases on
13 collateral review. *Dodd v. United States*, 545 U.S. 353, 358, 125 S.Ct. 2478, 162 L.Ed.2d
14 343 (2005)

15 In *Burton v. Stewart*, 549 U.S. 147, 149, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007), the
16 Supreme Court granted *certiorari* to consider, in part, whether *Blakely* applies retroactively.
17 The Court did not reach the question, however, because it had determined that the district
18 court lacked jurisdiction to consider the petition. *Id*. However, the Ninth Circuit has held
19 that "*Blakely* does not apply retroactively to convictions that became final prior to its
20 publication." *Schardt v. Payne*, 414 F.3d 1025, 1027 (9th Cir. 2005). In other words, Silvas'
21 statute of limitations did not begin to run on "the date on which the constitutional right
22 asserted was initially recognized by the Supreme Court" because *Blakely* was not "made
23 retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2244(d)(1)(C). Silvas,
24 therefore, must have filed his habeas petition within one year from "the date on which the
25 judgment became final by the conclusion of direct review or the expiration of the time for
26 seeking such review." 28 U.S.C. § 2244(d)(1)(A).

27 In this case, Silvas' judgment and conviction became final on September 25, 1992,
28 upon the expiration of the 30-day period for him to petition the Supreme Court of Arizona

1    for review. *See* Ariz.R.Crim.P. 31.19. At the time Silvas' judgment became final on direct
2    review, the AEDPA had not yet been passed. Therefore, "the federal limitations period
3    began running on AEDPA's effective date, April 24, 1996, giving [Silvas] one year from that
4    date (in the absence of tolling) to file a federal habeas petition." *Carey v. Saffold*, 536 U.S.
5    214, 217, 122 S.Ct. 2134, 2137, 153 L.Ed.2d 260 (2002). Therefore, Silvas' one-year
6    limitation period expired on April 24, 1997. However, Silvas did not file his Petition until
7    September 25, 2008. Silvas' Petition, therefore, was clearly filed outside the statute of
8    limitations as set forth in the AEDPA.

10   *Statutory Tolling of Limitations Period*

11   The limitations period is statutorily tolled during the time in which a "properly filed
12   application for State post-conviction or other collateral review with respect to the pertinent
13   judgment or claim is pending" in the state courts. 28 U.S.C. § 2244(d)(2). Silvas filed his
14   Petition for Post-Conviction Relief on November 7, 2006.[3] As of that date, the one year
15   limitations period had expired. Silvas cannot restart the limitations period by filing a state
16   court action. *See e.g., Ferguson*, 321 F.3d at 823 (application for post-conviction relief in
17   Oregon courts did not reinitiate AEDPA's statute of limitations); *see also Nino v. Galaza*,
18   183 F.3d 1003, 1006 (9th Cir. 1999); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000);
19   *Jimenez v. Rice*, 276 f.3d 478, 482 (9th Cir. 2001). Therefore, Silvas is not entitled to
20   statutory tolling of the limitations period.

22   *Equitable Tolling of Limitations Period*

23   While the United States Supreme Court has not determined that 28 U.S.C. §
24   2244(d)(2) allows for equitable tolling, it has assumed so in resolving cases. *See e.g.,*
25   *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007); *Pace*

---

[3]Silvas asserts his Petition for Post-Conviction Relief was filed on November 3, 2006. The use of this date would not affect the Court's conclusions.

- 5 -

*v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1815, 161 L.Ed.2d 669 (2005). In *Bowles v. Russell*, 127 S.Ct. 2360 (2007), the Supreme Court determined that the jurisdictional time for filing a notice of appeal was not subject to a unique circumstances exception. Respondents assert that this holding means that, in habeas review, equitable tolling does not exist. However, the Ninth Circuit has found that § 2244(d) allows for equitable tolling after *Bowles*. *Harris v. Carter*, 515 F.3d 1051, 1054-57 (9th Cir. 2008); *see also Waldron-Ramsey v. Pacholke*, — F.3d — , — n. 2, 2009 WL 455506 (9th Cir. 2/25/09). Indeed, the Second Circuit Court of Appeals has stated:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Diaz v. Kelly*, 515 F.3d 149, 153 (2nd Cir. 2008). The Court finds, therefore, that 28 U.S.C. § 2244(d)(2) allows for equitable tolling.

The Ninth Circuit Court of Appeals has found that equitable tolling is not available in most cases, "as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (internal quotation marks omitted); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule"); *Shannon*, 410 F.3d at 1090 ("Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials, or occasionally, by the petitioner's counsel."); *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006). Silvas bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418, 125 S.Ct. at 1814.

Silvas has not made any attempt to show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way. Rather, Silvas asserts that, after he learned that *Blakely* was not retroactive, he expanded on his arguments regarding the

violation of the plea agreement based on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971). Silvas asserts that the state courts ignored his *Santobello* argument. In making this argument, however, Silvas makes no attempt to state why he could not have presented this claim in a timely fashion under the AEDPA. It is Silvas' burden to establish equitable tolling and he has not provided any allegations or evidence showing that he is entitled to equitable tolling. Silvas has failed to meet the "very high threshold," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition *and* that those extraordinary circumstances were the cause of his untimeliness. Rather, it appears that Silvas' lack of diligence caused his failure to meet the AEDPA's one year statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is only appropriate where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").

The Court finds that Silvas has failed to establish that he is entitled to equitable tolling. Silvas' habeas petition, therefore, is untimely.

Accordingly, IT IS ORDERED:

1. The Request to Reply to Respondents' Answer to Writ of Habeas Corpus [Doc. # 11] is GRANTED.

2. Silvas' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED;

3. This matter is DISMISSED with prejudice, and;

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 12th day of March, 2009.

_____
Cindy K. Jorgenson
United States District Judge